# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 137

*October Term, A.D. 2020*

*November 6, 2020*

BOARD OF PROFESSIONAL
RESPONSIBILITY, WYOMING
STATE BAR,

Petitioner,

v.

COLLIN C. HOPKINS, WSB # 6-4032,

Respondent.

D-20-0007

## ORDER OF PUBLIC CENSURE

[¶ 1]   **This matter** came before the Court upon a "Report and Recommendation for Public Censure," filed herein October 19, 2020, by the Board of Professional Responsibility for the Wyoming State Bar, pursuant to Rule 12 of the Wyoming Rules of Disciplinary Procedure (Stipulated Discipline).   The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation and the file, finds that the Report and Recommendation should be approved, confirmed and adopted by the Court, and that Respondent Collin C. Hopkins should be publicly censured for his conduct.  It is, therefore,

[¶ 2]   **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's "Report and Recommendation for Public Censure," which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶ 3]   **ADJUDGED AND ORDERED** that Collin C. Hopkins is hereby publicly censured for his conduct, which is described in the Report and Recommendation for Public Censure. The Wyoming State Bar may issue a press release consistent with the one set out in the Report and Recommendation for Public Censure; and it is further;

[¶ 4]   **ORDERED** that, pursuant to Rule 25 of the Wyoming Rules of Disciplinary Procedure, Mr. Hopkins shall reimburse the Wyoming State Bar the amount of $50.00, representing the costs incurred in handling this matter, as well as pay the administrative fee of $750.00.  Mr. Hopkins shall pay the total amount of $800.00 to the Wyoming State Bar on or before December 1, 2020.  If Mr. Hopkins fails to make payment in the time allotted, execution may issue on the award; and it is further

[¶ 5]   **ORDERED** that the Clerk of this Court shall docket this Order of Public Censure, along with the incorporated Report and Recommendation for Public Censure, as a matter coming regularly before this Court as a public record; and it is further

[¶ 6]   **ORDERED** that, pursuant to Rule 9(b) of the Wyoming Rules of Disciplinary Procedure, this Order of Public Censure, along with the incorporated Report and Recommendation for Public Censure, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶ 7]   **ORDERED** that the Clerk of this Court cause a copy of this Order of Public Censure to be served upon Respondent Collin C. Hopkins.

[¶ 8]   **DATED** this 4th day of November, 2020.

**BY THE COURT:**

/s/

**MICHAEL K. DAVIS**
**Chief Justice**

## BEFORE THE SUPREME COURT

## STATE OF WYOMING

# D-20-0007

In the matter of )
**COLLIN C. HOPKINS,** ) *Docket No. 2020-045*
**WSB No. 6-4032,** )
)
*Respondent.* )

IN THE SUPREME COURT
STATE OF WYOMING
FILED

OCT 19 2020

*[signature]*

SHAWNA GOETZ, CLERK

## REPORT AND RECOMMENDATION FOR PUBLIC CENSURE

THIS MATTER came before a Review Panel of the Board of Professional Responsibility via telephone conference call on the 15th day of October, 2020, for consideration of the parties' Stipulation for Public Censure pursuant to Rules 9 and 12 of the Wyoming Rules of Disciplinary Procedure. Present on the call were Review Panel members Christopher Hawks (Chair), John Masterson and Janine Thompson. Mark W. Gifford, Bar Counsel, appeared on behalf of the Wyoming State Bar. Respondent Collin C. Hopkins appeared without counsel. The Review Panel having reviewed the Stipulation, the supporting Affidavit and being fully advised in the premises, finds, concludes and recommends:

### Findings of Fact

1.     Respondent has been licensed to practice in Wyoming since 2006 and maintains an active practice of law in Riverton, Wyoming.

2.     The above-captioned proceeding was initiated upon Bar Counsel's receipt of a report from the Honorable Catherine E. Wilking, Seventh Judicial District Court Judge, regarding Respondent's non-compliance with discovery orders in a medical malpractice case in which Respondent represented the plaintiffs. Bar Counsel's investigation established clear and convincing evidence of the following facts, to which the parties stipulate:

3.    Respondent represented Richard Palmer, III, in a medical malpractice action. Other members of Mr. Palmer's family were named as plaintiffs as well, although it was Mr. Palmer who was the recipient of allegedly negligent medical care. Respondent did not timely comply with the initial disclosure requirements of Rule 16, W.R.Civ.P. nor did he serve timely responses to written discovery propounded by the defendants. The court granted a motion to compel filed by defendants. Respondent failed to comply with the order compelling discovery. Defendants moved for sanctions including dismissal of the case and assessment of costs.

4.    In response to defendants' motion, Respondent acknowledged being negligent in complying with discovery but claimed to be doing his best to provide the information sought by the defendants. Respondent argued that the defendants already had in their possession much of the information they sought and observed that he had cooperated with the defense by making his clients available for lengthy interviews by defense counsel and had provided signed authorizations to enable the defendants to obtain the information they sought. Respondent argued that the noncompliance with discovery was not willful and should not be dealt with harshly.

5.    Citing plaintiffs' multiple violations of the Rules of Civil Procedure and the court's orders, Judge Wilking granted the defense motion to the extent of dismissing the claims of all plaintiffs except those of Mr. Palmer. Judge Wilking indicated that she would consider a motion for sanctions seeking costs and attorneys' fees associated with the discovery delays.

6.    Defense counsel submitted a motion requesting more than $23,000 for three defense lawyers whose hourly rates were $415.00, $300.00 and $300.00, respectively. In response to the motion, Respondent asked that any sanctions be levied against Respondent personally and not against his clients. Judge Wilking granted defendants' motion in part and ordered Respondent to remit approximately $15,700 to the defense firm.

2

7. Mr. Palmer contacted new counsel, with whom Respondent cooperated, and Respondent subsequently withdrew from the case. Prior to new counsel entering his appearance, counsel for the hospital contacted Respondent and offered to settle the matter, however, Mr. Palmer wished to proceed only with new counsel. The plaintiffs were ultimately able, through their new counsel, to negotiate a settlement acceptable to Mr. Palmer.

8. Pursuant to Rule 12 of the Wyoming Rules of Disciplinary Procedure, Respondent conditionally admits to violating Rule 3.4(c) (failure to comply with the rules of the tribunal) and Rule 3.4(d) (failure to comply with discovery) and Rule 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Wyoming Rules of Professional Conduct. As a mitigating factor, Respondent offers that he was experiencing significant health issues during the relevant time. Nonetheless, Respondent agrees that a public censure is the appropriate sanction for his misconduct in this matter.

9. The Review Panel finds the following aggravating factors: (1) substantial experience in the practice of law and (2) a pattern of misconduct. The Review Panel finds the following mitigating factors: (1) absence of a prior disciplinary record; (2) absence of a dishonest or selfish motive; (3) full and free disclosure to Bar Counsel and a cooperative attitude toward proceedings; (4) personal health issues during the relevant period; (5) imposition of other penalties or sanctions; and (6) remorse.

10. The Review Panel finds that a public censure is the appropriate sanction in this case.

11. If the Court issues an Order of Public Censure in accordance herewith, Bar Counsel and Respondent agree to the following press release:

> The Wyoming Supreme Court issued an order of public censure to Riverton attorney Collin C. Hopkins. The public censure stemmed from Hopkins'

3

failure to comply with discovery in representing a client in a medical malpractice case. Hopkins failed to timely comply with discovery requirements including an order compelling compliance. As a result, the court assessed sanctions against Hopkins in excess of $15,000 for the attorneys' fees incurred by the other side in seeking to enforce compliance with discovery. Hopkins stipulated that his conduct constituted a violation of Rule 3.4(c) (failure to comply with rules of the tribunal), Rule 3.4(d) (failure to cooperated with discovery) and Rule 8.4(d) (conduct prejudicial to the administration of justice) of the Wyoming Rules of Professional Conduct. In approving the stipulation of Hopkins and Bar Counsel for a public censure as the appropriate sanction for Hopkins' misconduct and pursuant to the report and recommendation of a Review Panel of the Board of Professional Responsibility the Court ordered Hopkins to pay an administrative fee in the amount of $750.00 and costs of $50.00 to the Wyoming State Bar.

## Conclusions of Law

12.     Rule 3.4(c), W.R.Prof.Cond., provides, "A lawyer shall not knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on the assertion that no valid obligation exists."

13.     Rule 3.4(d), W.R.Prof.Cond., provides, "A lawyer shall, in pretrial procedure, make a frivolous discovery request or fail to make reasonably diligent efforts to comply with a legally proper discovery request by an opposing party."

14.     Rule 8.4(d), W.R.Prof.Cond., provides, "It is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice."

15.     Rule 15(b)(3)(D), W.R.D.P., provides, "In imposing a sanction after a finding of misconduct by the respondent, the BPR shall consider the following factors, as enumerated in the ABA Standards for Imposing Lawyer Sanctions:"

    1.  Whether the lawyer has violated a duty owed to a client, to the public, to the legal system, or to the profession;
    2.  Whether the lawyer acted intentionally, knowingly, or negligently;
    3.  The amount of the actual or potential injury caused by the lawyer's misconduct; and
    4.  The existence of any aggravating or mitigating factors.

4

16.     First Factor: The Duty Violated. Respondent's violations of Rules 3.4(c) and

3.4(d) fall within the heading, "Violation of Duties Owed to the Legal System." ABA Standard

6.2, "Abuse of the Legal Process," provides:

Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving failure to expedite litigation or bring a meritorious claim, or failure to obey any obligation under the rules of the tribunal except for an open refusal based on an assertion that no valid obligation exists:

6.21    Disbarment is generally appropriate when a lawyer knowingly violates a court order or a rule with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious injury to a party or causes serious or potentially serious interference with a legal proceeding.

6.22    Suspension is generally appropriate when a lawyer knows that he or she is violating a court order or rule, and causes injury or potential injury to a client or a party, or causes interference or potential interference with a legal proceeding.

6.23    Reprimand [i.e., "public censure" under Rule 9(a)(3) of the Rules of Disciplinary Procedure] is generally appropriate when a lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding.

6.24    Admonition [i.e., "private reprimand" under Rule 9(a)(4) of the Rules of Disciplinary Procedure] is generally appropriate when a lawyer engages in an isolated instance of negligence in complying with a court order or rule, and causes little or no actual or potential injury to a party, or causes little or no actual or potential interference with a legal proceeding.

17.     Respondent's violation of Rule 8.4(d) implicates Standard 6.1, "False Statements,

Fraud, and Misrepresentation," which provides:

Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases that is prejudicial to the administration of justice or that involves dishonesty, deceit, or misrepresentation to a court:

6.11    Disbarment is generally appropriate when a lawyer, with the intent to deceive the court, makes a false statement, submits a false document, or improperly withholds material information, and causes serious or potentially serious injury to a party, or causes a significant or potentially significant adverse effect on the legal proceeding.

5

6.12    Suspension is generally appropriate when a lawyer knows that false statements or documents are being submitted to the court or that material information is improperly being withheld, and takes no remedial action, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding.

6.13    Reprimand [i.e., "public censure" under Rule 9(a)(3) of the Rules of Disciplinary Procedure] is generally appropriate when a lawyer is negligent either in determining whether statements or documents are false or in taking remedial action when material information is being withheld, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding.

6.14    Admonition [i.e., "private reprimand" under Rule 9(a)(4) of the Rules of Disciplinary Procedure] is generally appropriate when a lawyer in an isolated instance of neglect in determining whether submitted statements or documents are false or in failing to disclose material information upon learning of its falsity, and causes little or no actual or potential injury to a party, or cause little or no adverse potentially adverse effect on the legal proceeding.

18.    <u>Second Factor: The Lawyer's Mental State.</u> The Preface to the ABA Standards includes the following discussion regarding mental state:

> The mental states used in this model are defined as follows. The most culpable mental state is that of intent, when the lawyer acts with the conscious objective or purpose to accomplish a particular result. The next most culpable mental state is that of knowledge, when the lawyer acts with conscious awareness of the nature or attendant circumstances of his or her conduct both without the conscious objective or purpose to accomplish a particular result. The least culpable mental state is negligence, when a lawyer fails to be aware of a substantial risk that circumstances exist or that a result will follow, which failure is a deviation of a care that a reasonable lawyer would exercise in the situation.

19.    <u>Third Factor: Actual or Potential Injury.</u> Under the ABA Standards, "injury" is defined as "harm to a client, the public, the legal system, or the profession which results from a lawyer's misconduct. The level of injury can range from 'serious' injury to 'little or no' injury; a reference to 'injury' alone indicates any level of injury greater than 'little or no' injury." "Potential injury" is defined as "harm to a client, the public, the legal system or the profession that is reasonably foreseeable at the time of the lawyer's misconduct, and which, but for some interven-

6

ing factor or event, would probably have resulted from the lawyer's misconduct."

20. **Fourth Factor: Aggravating and Mitigating Factors.** ABA Standard 9.0, entitled "Aggravation and Mitigation," provides as follows:

9.1 *Generally*

After misconduct has been established, aggravating and mitigating circumstances may be considered in deciding what sanction to impose.

9.2 *Aggravation*

9.21 *Definition.* Aggravation or aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed.

9.22 *Factors which may be considered in aggravation.* Aggravating factors include:
(a) prior disciplinary offenses;
(b) dishonest or selfish motive;
(c) a pattern of misconduct;
(d) multiple offenses;
(e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;
(f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;
(g) refusal to acknowledge wrongful nature of conduct;
(h) vulnerability of the victim;
(i) substantial experience in the practice of law;
(j) indifference in making restitution; and
(k) illegal conduct, including that involving the use of controlled substances.

9.3 *Mitigation.*

9.31 *Definition.* Mitigation or mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed.

9.32 *Factors which may be considered in mitigation.* Mitigating factors include:
(a) absence of a prior disciplinary record;
(b) absence of a dishonest or selfish motive;
(c) personal or emotional problems;
(d) timely good faith effort to make restitution or to rectify consequences of misconduct;
(e) full and free disclosure of disciplinary board or cooperative attitude toward proceedings;
(f) inexperience in the practice of law;
(g) character or reputation;
(h) physical disability;

(i) mental disability or chemical dependency including alcoholism or drug abuse when:
  (1) there is medical evidence that the respondent is affected by a chemical dependency or mental disability;
  (2) the chemical dependency or mental disability caused the misconduct;
  (3) the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and
  (4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely.
(j) delay in disciplinary proceedings;
(k) imposition of other penalties or sanctions;
(l) remorse; and
(m) remoteness of prior offenses.

9.4    *Factors Which Are Neither Aggravating nor Mitigating.*
The following factors should not be considered as either aggravating nor mitigating:
  (a) forced or compelled restitution;
  (b) agreeing to the client's demand for certain improper behavior or result;
  (c) withdrawal of complaint against the lawyer;
  (d) resignation prior to completion of disciplinary proceedings;
  (e) complainant's recommendation as to sanction; and
  (f) failure of injured client to complain.

## Recommendation

In consideration of the foregoing findings of fact and conclusions of law, the Review Panel recommends as follows:

1.    That Respondent receive a public censure for violations of Rules 3.4(c), 3.4(d) and 8.4(d), W.R.Prof.Cond.

2.    That, upon issuance of the order of public censure, the foregoing press release may be issued.

3.    That Respondent be required to pay an administrative fee of $750.00 and costs of $50.00 to the Wyoming State Bar within 10 days of such order.

Dated this 19th day of October, 2020.

8

Christopher H. Hawks, Chair
Review Panel of the Board of Professional
Responsibility
Wyoming State Bar